## WILSON v. SHELL PETROLEUM CORPORATION.

### No. 6453.

Circuit Court of Appeals, Fifth Circuit.

Jan. 13, 1933.

Dallas Scarborough, of Abilene, Tex., for appellant.

R. H. Whilden, of Dallas, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought suit against appellee to recover damages of $10,000. In substance, the petition alleged that appellant had proposed to appellee that he would obtain an oil lease on approximately 5,000 acres of land, known as the Bert Page Ranch, and drill a well on it to the depth of 5,000 feet, unless oil was sooner struck, if the defendant would purchase 500 acres of the lease, in a spread around the well, at $20 per acre; that appellee agreed; that he secured the lease and drilled the well, but appellee declined to comply with its agreement. Appellee denied the agreement alleged and pleaded the statute of frauds, article 3995, Rev. Civ. Stats. of Texas. Appellant's allegations were not supported except by his own testimony, which was greatly weakened by several letters he had written to appellee. At the close of the evidence the District Court was of the opinion that the statute of frauds applied and directed a verdict for defendant. Error is assigned to that action of the court.

Appellant's theory is that the parties had engaged in a joint adventure which could be proved by parol. A joint adventure is not shown. Giving full effect to appellant's testimony, the agreement at most was to purchase leases from him of 500 acres, to be selected in a spread, some in the vicinity of the well when drilled and the balance in other parts of the 5,000 acres. Appellee was to

have no interest whatever in the well, no interest in the balance of the acreage, and the 500 acres to be acquired by it was not described .at all. The District Court rightly directed the verdict. Cantrell v. Garrard (Tex. Com. App.) 240 S. W. 533; Dunphy v. Ryan, 116 U. S. 491, 6 S. Ct. 486, 29 L. Ed. 703; Bowmaster v. Carroll (C. C. A.) 23 F.(2d) 825.

The record presents no reversible error.

Affirmed.